UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

_____

West Star Yacht, LLC,                                  Case No. 2:20cv574-FtM-JLB-MRM

                  Plaintiff,

v.                                                     **MEMORANDUM AND ORDER**

Seattle Lakes Cruises, LLC,

                  Defendant.

_____

      This matter is before the Court on Defendant Seattle Lakes Cruises' Motion to Transfer.[1] (Docket No. 16.) For the following reasons, the Motion is granted.

**BACKGROUND**

      Plaintiff West Star alleges that Defendant Seattle Lakes Cruises breached its charter agreement regarding a yacht that was used for sightseeing cruises and private events on Lake Union in Seattle, Washington. (Def.'s Supp. Mem. (Docket No. 16) at 2; Compl. (Docket No. 1) ¶ 6.)

      On May 18, 2015, Defendant entered into a five-year bareboat charter agreement ("agreement") to lease the M.V. Harbor Lady ("vessel") from the Bikini Yacht Club ("BYC"). (Compl. ¶ 5.) Defendant took possession of the boat in Florida and shipped it to Washington. (Pl.'s Opp'n Mem. (Docket No. 19) at 2.) Three years later, on May 18, 2018, BYC sold the vessel to Plaintiff, who renamed it "The West Star." (Compl. ¶ 13.)

---

[1] At the hearing, Defendant dropped its alternative request to dismiss the case.

Plaintiff assumed BYC's rights and interests under BYC's agreement with Defendant. (Id. ¶ 14.) The agreement contains a forum-selection clause, which states that "the parties agree that any legal proceeding may be held in state or federal courts in Collier County, Florida and expressly consent to the personal jurisdiction of such courts." (Agreement (Docket No. 16-1) ¶ 22.) The agreement further provides that maritime and Washington laws apply. (Id. ¶ 20.) At the end of the lease, Defendant was to return the vessel to Plaintiff, less ordinary wear and tear. (Compl. ¶ 11.)

On January 29, 2020, before Defendant returned the vessel, the Coast Guard performed a dry-dock inspection of it in Washington, and determined that it was not seaworthy. (Id. ¶ 15.) Plaintiff subsequently spent approximately $480,000 in repairs to the vessel, and has been unable to rent the vessel since February 2020, resulting in a loss of $6,500 income per month. (Id. ¶ 17-18.)

Plaintiff filed a four-count Complaint alleging breach of contract and negligence under maritime and Washington law. Plaintiff seeks $519,000 in damages, as well as attorney's fees and costs.

Defendant, a Washington company with its principal place of business there, moves to change the venue of this matter to the United States District Court for the Western District of Washington under 28 U.S.C. § 1404. (Id. ¶ 1.) Plaintiff, a Florida company with its principal place of business in Illinois, opposes the Motion, claiming that the parties consented to venue in Collier County, Florida, through the valid forum-selection clause, and that transfer under § 1404(a) is not warranted. (Id. ¶ 2.)

**DISCUSSION**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). The Court has broad discretion regarding transfer under § 1404(a). Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991). In cases such as this with a forum-selection clause, the Court is not required to defer to the plaintiff's forum choice. But because this case involves a permissive forum-selection clause, not a mandatory clause, "the venue mandated by a choice of forum clause," In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989), need not be a "significant factor that figures centrally" in the transfer analysis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The Court considers a permissive forum-selection clause as "only [] one of several factors weighing in favor or against transfer." Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se. LLC, No. 3:13cv306, 2014 WL 1268584, at *23 (M.D. Fla. Mar. 27, 2014).

Courts employ a two-step process to determine whether transfer is appropriate. Osgood v. Discount Auto Parts, LLC, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013). The Court determines whether the action could have been filed in the venue to which transfer is sought, and then analyzes "whether convenience and the interest of justice require transfer to the requested forum." Id. (quotation omitted). Several factors are relevant to this determination:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Here, the lawsuit could have been filed in the Western District of Washington, so the Court analyzes whether convenience and interests of justice merit transfer. The Court will discuss the relevant and non-neutral factors in turn.

### 1.   Convenience of the Witnesses

The parties disagree whether the witnesses' convenience weighs in favor of transfer. Defendant contends that relevant witnesses are in Washington: its employees, the employees of Platypus Marine who have performed repairs, insurance surveyors and investigators, Coast Guard personnel who inspected the vessel, Defendant's "project manager," and all witnesses to the vessel's redelivery. (Def.'s Supp. Mem. at 6.) Plaintiff asserts that witnesses who could testify the to the vessel's pre-charter status are in Florida: its employees, the vessel's former owners and their employees, people who performed repairs and inspections before the charter agreement took place, and possibly the captain who sailed the boat to the port where Defendant took possession of the boat. (Pl.'s Opp'n Mem. at 3-4.) The convenience of employee witnesses "is entitled to less weight because [the parties] will be able to compel their testimony at trial." Nat'l Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co., 223 F. Supp. 3d 1236, 1243 (M.D. Fla. 2016)

4

(quotation and citation omitted). Because more non-party witnesses are located in Washington, this factor weighs in favor of transfer.

### 2. Locus of Operative Facts

Defendant operated the vessel in Washington at all relevant times, and the alleged damage occurred there. (Def.'s Supp. Mem. at 6.) Moreover, Defendant redelivered the vessel to Plaintiff in Washington, and the vessel remains there to undergo repairs. (Id.) Although Defendant took possession of the boat in Florida, the vessel was shipped to Washington before Defendant operated it. The locus-of-operative-facts factor militates toward transfer.

### 3. Plaintiff's Choice of Forum

Defendant does not dispute that it consented to suit and personal jurisdiction in Collier County through the permissive forum-selection clause, but claims that the clause is one of the only connections between this lawsuit and Florida. Plaintiff contends that Defendant does not meet its burden to show that Washington is so much more convenient than the Middle District to outweigh the deference given to its selected forum.

A permissive forum-selection clause is only one fact that the Court considers when evaluating transfer under a § 1404(a). See Cableview Commc'ns of Jacksonville, Inc., 2014 WL 1268584, at *23. A plaintiff's choice of forum is accorded less weight when "there is no material connection between the forum and the events underlying the cause of action." Summers-Wood L.P. v. Wolf, No. 3:08cv60, 2008 WL 2229529, at *3 (N.D. Fla. May 23, 2008) (quotation omitted). Indeed, the Middle District's connection to the events of this

lawsuit is tangential, and the underlying events took place in Washington. This factor is neutral at best.

### 4.     Trial Efficiency and the Interests of Justice

The citizens of the Middle District of Florida do not have a meaningful interest in this lawsuit. Plaintiff asserts that it "has a strong interest in vindicating its rights under a contract that selected the state or federal court of Collier County as the appropriate forum to hear any disputes." (Pl.'s Opp'n Mem. at 11-12.) In truth, the agreement's permissive forum-selection clause designated the state and federal courts in Collier County, Florida, as merely appropriate forums, not mandatory forums. Plaintiff's repeated exhortations that the permissive forum-selection clause is dispositive are not well taken.

Based on the totality of the circumstances, transferring this case to the Western District of Washington is appropriate.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Defendant's Motion to Transfer (Docket No. 16) is **GRANTED**; and
2.  The Clerk shall **TRANSFER** the case to the United State District Court for the Western District of Washington.

Dated: <u>Monday, February 22, 2021</u>

<u>*s/ Paul A. Magnuson*</u><br>
Paul A. Magnuson<br>
United States District Court Judge