UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEST STAR YACHT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE LAKES CRUISES, LLC and ARGONAUT INSURANCE COMPANY,<br><br>Defendants. | Case No. C21-223RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECLASSIFY DEFENDANT'S COUNTERCLAIM AS AN AFFIRMATIVE DEFENSE |

This matter comes before the Court on Plaintiff's Motion to reclassify Defendant's counterclaim as an affirmative defense. Dkt. #81.

Generally speaking, counterclaims are claims that arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. *See* Fed. R. Civ. P. 13(a)(1). An affirmative defense is "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's… claim even if all the allegations in the complaint are true." Defense, *Black's Law Dictionary* 451 (8th Ed. 2004). "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Fed. R. Civ. P. 8(c)(2).

ORDER DENYING PLAINTIFF'S MOTION TO RECLASSIFY DEFENDANT'S COUNTERCLAIM AS AN AFFIRMATIVE DEFENSE - 1

On June 6, 2021, Plaintiff, West Star Yacht, LLC ("West Star"), filed its Second Amended Complaint against Seattle Lakes Cruises, LLC ("Seattle Lakes") and Argonaut Insurance Company ("Argonaut") alleging various causes of action arising from damage to a leased vessel owned by West Star. Dkt. #67. On June 30, 2021, Seattle Lakes filed an Answer with affirmative defenses and a counterclaim alleging that an "actual controversy exists between the parties regarding the allocation of insurance proceeds pursuant to the Agreement…" Dkt. # 72. Seattle Lakes requests that the Court declare "any insurance proceeds obtained by West Star from any insurer providing coverage for the vessel… offset or reduce Seattle Lake's liability for damages to West Star." *Id*.

West Star argues this counterclaim seeks to limit Seattle Lakes' liability through an offset. Dkt. #81 at 2. West Star points to cases where offset has been interpreted as an affirmative defense. *Id.* at 3 (citing *Rahman v. San Diego Accounts Services, Inc.*, 2017 WL 1387206 (S.D. Cal. 2017); *Jacobson v. Persolve, LLC*, 2014 WL 4090809, at 9 (N.D. Cal. 2014)).

In Response, Seattle Lakes argues it cannot bring an affirmative defense for offset *yet* because West Star has not yet received insurance proceeds and that its counterclaim for declaratory relief is procedurally proper. Dkt. #83.

On Reply, West Star states:

> Here, Seattle Lakes' second Affirmative Defense asserts that West Star's "claims are barred and/or limited by contract." [Dkt. No. 72, p. 9]. Paragraph 6 of Seattle Lakes' purported Counterclaim alleges that its Agreement with West Star requires an offset in the amount of "any insurance proceeds obtained by West Star from any insurer." [Dkt. No. 72, p. 10]. Seattle Lakes' counterclaim is entirely encompassed within its affirmative defense that West Star's contractual damages must be limited by contract. The counterclaim, therefore, seeks nothing more than a declaration that

ORDER DENYING PLAINTIFF'S MOTION TO RECLASSIFY DEFENDANT'S COUNTERCLAIM AS AN AFFIRMATIVE DEFENSE - 2

Seattle Lakes should prevail on the second Affirmative Defense it pleads one page earlier.

Dkt. #85 at 2.

The Court is convinced by Seattle Lakes' argument that its counterclaim is an independent cause of action because an affirmative defense of offset cannot be pled prior to West Star receiving insurance proceeds. Although it appears that this counterclaim may have some overlap with the "limited by contract" affirmative defense, such is not immediately obvious from the pleading, West Star failed to make this argument in its motion, and West Star has failed to show any significant burden to responding to the counterclaim or why "justice requires" granting the requested relief.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff West Star's Motion to reclassify Defendant's counterclaim as an affirmative defense, Dkt. #81, is DENIED.

DATED this 16th day of November, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE