UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEST STAR YACHT, LLC, | Case No. C21-223RSM |
| Plaintiff, | ORDER GRANTING MOTION TO SEVER |
| v. | |
| SEATTLE LAKE CRUISES, LLC and ARGONAUT INSURANCE COMPANY, | |
| Defendants. | |

This matter comes before the Court on Defendant Argonaut Insurance Company's Motion to Sever. Dkt. #76. Argonaut moves to sever Plaintiff's claims against it from claims brought against co-defendant Seattle Lake Cruises, LLC. *Id*. Plaintiff West Star Yacht, LLC, argues that Argonaut is a necessary party under Rule 19, or that it should be permissively joined under Rule 20.

The Court will briefly summarize the factual background from the Second Amended Complaint. West Star Yacht alleges that, in 2015, its predecessor-in-interest leased a vessel then known as the "M.V. Harbor Lady" to Seattle Lake Cruises. Dkt. #67 at 2–3. Pursuant to the terms of the lease agreement, Seattle Lake Cruises was to keep the Harbor Lady seaworthy and in good repair. *Id.* at 3. In 2020, when the vessel formerly known as Harbor Lady was

ORDER GRANTING MOTION TO SEVER - 1

returned to West Star Yacht, it was allegedly unseaworthy with damage to its frame and propellers and several leaks. *Id.* at 4. This kind of damage was not normal wear and tear and was allegedly covered by an insurance policy issued by Defendant Argonaut. *Id.* at 4–5. Argonaut denied West Star Yacht's insurance claim. *Id.* at 7.

Federal Rule of Civil Procedure 21 states "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Rule 19(a)(1) provides, in relevant part: "A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: in that person's absence, the court cannot accord complete relief among existing parties." Complete relief in this context is concerned with "consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013).

Rule 20(a)(2) provides, in relevant part, that a person *may* be joined as a defendant if a plaintiff can demonstrate: (1) that she has a right to relief based on the same series of transactions or occurrences as those at issue in the litigation, and (2) a common question of law or fact with respect to all parties. *Id.*; *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). The decision whether to join a permissive party is vested in the sound discretion of the district court, but "the rule regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

Argonaut contends that West Star Yacht does not assert a right to relief against Argonaut and Seattle Lakes Cruises "jointly, severally, or in the alternative," pointing out that

Counts I through IV are brought against Seattle lake Cruises only, while Counts VI through IX are brought against Argonaut alone. Dkt. #76 at 5. As to whether these claims are related, Argonaut states:

> West Star Yacht's breach of contract and negligence claim against Seattle Lakes Cruises do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as West Star Yacht's breach of insurance contract, violation of the Insurance Fair Conduct Act, violation of the Consumer Protection Act, declaratory judgment, or breach of duty of good faith and fair dealing claims against Argonaut. Indeed, the alleged breach of contract and or negligence on Seattle Lakes Cruises part occurred, if at all, during the March 2016 through January 2, 2020 timeframe. The claims by West Star Yacht against Argonaut all stem from alleged conduct and/or omissions from the date Argonaut received notice of the claim for vessel hull damage (July 14, 2020) through the filing of this litigation.

*Id*. Argonaut argues, "it is well established that a plaintiff who joins his negligence claim against a tortfeasor for property damage with an insurance coverage/bad faith claim against his insurer mis-joins his claims…. Even if the negligence claim and the bad faith claim stem from the same property damage." *Id*. at 6 (citing, *inter alia*, *Hinrichs v. Burwell*, 2021 U.S. Dist. LEXIS 70473, *7-8, 2021 WL 1341083 (W.D. Wash. Feb. 23, 2021)). Finally, Argonaut believes it will be prejudiced by continuing with this case, in part because "West Star Yacht and Seattle Lakes Cruises are both insureds on the Subject Policies issued by Argonaut…. [who] have made claims on Subject Policies arising out of the alleged damage to the WEST STAR—West Star Yacht for first party coverage, and Seattle Lakes Cruises for defense and indemnity of this action…" *Id*. at 7.[1]

---

[1] Seattle Lakes Cruises' entitlement to indemnity and defense under the Subject Policies was the subject of a separate declaratory judgment action, *Argonaut Insurance Company v. Seattle Lakes Cruises, LLC*, Case No. 2:21-cv-00606 RSM. That case ended with a default judgment stating that "Argonaut does not owe Seattle Lakes Cruises defense or indemnity for the claims made against Seattle Lakes Cruises by West Star Yacht…" Case No. 2:21-cv-00606 RSM, Dkt. #16.

ORDER GRANTING MOTION TO SEVER - 3

West Star Yacht argues that Argonaut is a necessary party under Rule 19 and that, in any event, permissive joinder is appropriate as the claims against Seattle Lake and Argonaut arise of the same series of transactions. Dkt. #88 at 6 ("At its heart, this case involves a simple question: who is responsible for the damage to the West Star?").

Like in *Hinrichs*, *supra*, here an insured is arguing that its insurer is properly joined with the entity that caused the insured harm because the claims arise from the same occurrence—the incident that caused the harm. Argonaut is not a necessary party under Rule 19 because complete relief can be reached between the other two parties and there will not be multiple lawsuits on the same causes of action. Permissive joinder is also not warranted. The claims against these two Defendants are related—if Seattle Lake Cruises did not return a damaged vessel, West Star Yacht would not have sought benefits from Argonaut. However, Argonaut and Seattle Lake Cruises are not jointly and severally liable for any claim. While West Star Yacht's breach of contract and negligence claims against Seattle Lake Cruises arises directly from its transaction with that company and the incidents that caused the damage, those claims are separate and distinct from the breach of insurance contract and bad faith claims against Argonaut, which claims arise directly from the contractual relationship formed by the insurance agreement. The actions of the Defendants took place at different times and concerned different contracts.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Argonaut Insurance Company's Motion to Sever, Dkt. #76, is GRANTED. The Court SEVERS Argonaut Insurance Company and the claims made against it from the above captioned action, and ORDERS that all claims made against or by Argonaut Insurance Company in this action be tried under a separate cause number. The Court

ORDER GRANTING MOTION TO SEVER - 4

DIRECTS the Clerk to open a new case starting with a copy of the Amended Complaint in this action, Dkt. #67.  This new case shall be assigned to the undersigned judge as related to the instant case.  The Court DIRECTS West Star Yacht to file amended pleadings in both cases consistent with this Order within the next 30 days.

DATED this 2nd day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO SEVER - 5